12 F.3d 1111
 73 A.F.T.R.2d 94-637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond V. WIZBOWSKI; Barbara Wizbowski, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 29, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; KELLEHER** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants Raymond and Barbara Wizbowski (the "Wizbowskis") seek to vacate a July 8, 1986 decision by the Tax Court assessing deficiencies against them for the 1977 and 1978 tax years (the "1986 Decision"). The Wizbowskis filed a motion for leave to file a motion to vacate this decision with the Tax Court. The Tax Court denied the Wizbowskis' motion. We have jurisdiction under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 4
 * Decisions of the Tax Court become final within ninety days where no appeal is taken. 26 U.S.C. Secs. 7481, 7483. Because the Tax Court has limited jurisdiction and lacks general equitable powers, it lacks jurisdiction to vacate a final decision that it has made unless the decision was procured through a fraud upon the court or a mutual mistake. Abatti v. C.I.R., 859 F.2d 115, 117, 118 (9th Cir.1988). The Wizbowskis allege that the 1986 Decision resulted from a fraud upon the court. We review de novo the Wizbowskis' claim. Id. at 117.
 
 
 5
 The Wizbowskis fail to demonstrate that the 1986 Decision was procured through a fraud upon the court. The "fraud on the court" doctrine is construed "narrowly, in the interests of preserving the finality of judgments." Toscano v. C.I.R., 441 F.2d 930, 934 (9th Cir.1971). Fraud on the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Abatti, 859 F.2d at 118. A fraud upon a party generally is not a fraud upon the court. Anderson v. C.I.R., 693 F.2d 844, 846 (9th Cir.1979).
 
 II
 
 6
 The Wizbowskis' claim that their attorney represented them under a conflict of interest does not allege a fraud upon the court. In a case closely resembling the instant one, Kenner v. C.I.R., 387 F.2d 689 (7th Cir.1968), taxpayers sought to vacate a final order of the Tax Court, claiming that their attorney had become chief counsel of the Internal Revenue Service ("IRS") after representing them before the Tax Court. The court rejected the taxpayers' appeal, holding that "even assuming impropriety in [the attorney's] conduct ...[,] the facts alleged do not indicate that there was fraud on the tax court." Id. at 692. Similarly, in Anderson, plaintiffs alleged that they had been misled by their tax advisors in support of their motion to vacate a final Tax Court assessment of a deficiency. This court rejected their claim, holding that any deception by the advisors was "fraud practiced upon the taxpayers but not upon the Tax Court." 693 F.2d at 846.
 
 
 7
 The Wizbowskis claim that their attorney operated under a conflict of interest because he rejoined the IRS after he represented them before the Tax Court. The Wizbowskis do not controvert evidence produced by the appellee demonstrating that, at the time he represented the Wizbowskis, their attorney had little expectation that he would return to work at the IRS and had not received an offer of employment or promise of future employment. Their claim thus is little more than pure speculation. Further, to the extent that there was any conflict of interest, this did not involve a plan or scheme to defraud the court. Any conflict at most would be a fraud upon only the Wizbowskis, not the court. Kenner, 387 F.2d at 689; Anderson, 693 F.2d at 846.
 
 III
 
 8
 The Wizbowskis thus fail to demonstrate a fraud upon the court permitting the Tax Court to vacate the 1986 Decision. Having resolved the merits of the appeal against the Wizbowskis, it is unnecessary for the court to reach the question of whether the Wizbowskis' motion for leave to file was filed in a timely manner. The decision of the Tax Court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3